**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| ALVIN BURGAN, ) | CASE NO. 1:07-cv-03019 |
| ) | |
| Petitioner, ) | JUDGE JOHN R. ADAMS |
| ) | |
| v. ) | MAGISTRATE JUDGE GREG WHITE |
| ) | |
| MICHELE EBERLIN, Warden ) | |
| ) | |
| Respondent. ) | **REPORT AND RECOMMENDATION** |
| ) | |

Petitioner, Alvin Burgan ("Burgan"), challenges the constitutionality of his conviction in the case of *State v. Burgan*, Cuyahoga County Common Pleas Case No. CR-04-454048. Burgan, represented by counsel, filed a Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2254 on October 3, 2007, with the United States District Court for the Northern District of Ohio. On January 9, 2008, Warden Michele Eberlin ("Respondent") filed her Answer/Return of Writ. (Doc. No. 8.) Burgan did not file a Traverse. This matter is before the undersigned Magistrate Judge pursuant to Local Rule 72.2. For reasons set forth in detail below, it is recommended that Burgan's petition be DISMISSED.

**I. Summary of Facts**

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, factual determinations made by state courts "shall be presumed to be correct." 28 U.S.C. § 2254(e)(1); *see also House v. Bell,* 283 F.3d 37 (6th Cir. 2002). The state appellate

court summarized the facts underlying Burgan's conviction as follows:

> In 2004, Burgan was charged in a forty-two count indictment alleging child endangering and felonious assault involving two infant children, "T.L." and "K.L." The matter proceeded to a jury trial, at which the following evidence was presented.
>
> Burgan met T.L. and K.L. in 2003 through their mother, Shuntama Harris ("Harris"). Burgan lived with his cousin in the apartment below Harris and her children. Burgan and Harris began a physical relationship shortly after he moved in downstairs and he spent almost every day with Harris and her children.
>
> On February 13, 2004, Harris' mother, Tyjuan Harris ("grandmother") was babysitting seven-month old T.L. when she took him to the hospital because he would not stop crying and was unable to hold his bottle. After T.L.'s injuries were reported to the Cuyahoga County Department of Children and Family Services, the agency removed two-year-old K.L. from Harris' custody and placed him in the temporary custody of the grandmother. The grandmother and K.L. went to the hospital to visit T.L., and the grandmother noticed that K.L. could barely walk. K.L. was subsequently admitted to the hospital.
>
> The doctors found a fracture in T.L.'s left arm, multiple fractures in both legs, and seven fractured ribs. K.L. had fractures in both legs and his left arm, as well as three burns. Two of the burns were about one inch in size, but the third and most severe burn extended from his elbow to his shoulder. T.L. exhibited both old and new fractures. K.L.'s arm had been repeatedly broken and his burns were just days old.
>
> Both Harris and Burgan were charged with child endangering and felonious assault. Harris pled guilty to six counts of child endangering and agreed to testify against Burgan. The court subsequently sentenced her to four years in prison.
>
> Twelve of the forty-two counts against Burgan were dismissed during trial. The jury convicted Burgan of fourteen counts of endangering children and one count of felonious assault, but acquitted him of the remaining charges. Burgan was sentenced to an aggregate term of ten years incarceration. He now appeals, raising three assignments of error.

*State v. Burgan*, 2006 Ohio App. LEXIS 737, 2006-Ohio-812 at ¶¶5-7 (Ohio Ct. App. Feb. 23, 2006).

## II. Procedural History

### A. Conviction

In the May term of 2004, the Cuyahoga County Grand Jury charged Burgan with eight (8) counts of felonious assault in violation of Ohio Revised Code ("O.R.C.") § 2903.11 and thirty-four (34) counts of child endangerment in violation of O.R.C. § 2919.22(B). (Doc. No. 8, Exh. 1.)

Burgan, represented by counsel, pled "not guilty"and the matter proceeded to a jury trial. The state voluntarily dismissed ten of the counts against Burgan and two additional counts were dismissed by the trial court upon his Crim R. 29 motion for judgment of acquittal. (Doc. No. 8, Exh. 2.) Burgan was convicted of one count of felonious assault, four counts of child endangerment under O.R.C, § 2919.22(B)(2), eight counts of child endangerment under O.R.C. § 2919.22(B)(1), and two counts of child endangerment under O.R.C. § 2919.22(B)(3). (Doc. No. 8, Exh. 3.)

On February 5, 2005, the trial court sentenced Burgan to an aggregate term of ten years incarceration. (Doc. No. 8, Exhs. 4 & 5.)

### B. Direct Appeal

Burgan, through new counsel, filed a Notice of Appeal with the Court of Appeals for the Eighth Appellate District ("state appellate court").

On July 13, 2005, the state appellate court dismissed Burgan's appeal *sua sponte* for failing to file a brief. (Doc. No. 8, Exh 6.) Burgan filed a motion for reconsideration, which the state appellate court granted on July 19, 2005. (Doc. No. 8, Exhs. 7 & 8.) Burgan's appeal again was dismissed *sua sponte* for failure to file an appellate brief. (Doc. No. 8, Exh. 9.) Thereafter,

Burgan filed a motion to reinstate his appeal along with a motion to file his brief *instanter*. (Doc. No. 8, Exh, 10.) Burgan's motion was granted (Doc. No. 8, Exh. 11.)

Burgan raised the following assignments of error in his brief:

1. The felonious assault and endangering children convictions were against the manifest weight of the evidence.

2. The trial court committed plain error in failing to instruct the jury that it must unanimously find appellant guilty of one or the other form of endangering children.

3. The journal entry of the sentencing does not reflect the trial courts [sic] on the record ruling.

(Doc. No. 8, Exh. 12.) On February 23, 2006, the state appellate court affirmed Burgan's convictions and sentence. However, finding Burgan's third assignment of error well taken, it remanded the matter to the trial court and ordered that "the journal entry be amended pursuant to App.R. 9(E) and Crim.R. 36 to correct the clerical mistake so the journal entry reflects the language of the sentencing memorandum regarding counts five, nine, ten, and eleven." (Doc. No. 8, Exh. 14.)[1]

On April 20, 2006, Burgan filed a Notice of Appeal with the Supreme Court of Ohio. (Doc. No. 8, Exh. 15.) Burgan raised a single assignment of error: "A trial court plainly errs when it fails to instruct the jury that it must be unanimous as to the specific conduct that corresponds to each count of conviction or acquittal." *Id*. On July 5, 2006, the Supreme Court of Ohio dismissed the appeal as not involving any substantial constitutional question. (Doc. No. 8, Exh. 17.)

---

[1] In response to the state appellate court's ruling, the trial court amended its journal entry on May 25, 2006. (Doc. No. 8, Exh. 18.)

**C. Federal Habeas Petition**

On October 3, 2007, Burgan filed a Petition for Writ of Habeas Corpus and asserted the following grounds for relief:

> GROUND ONE: The trial court denied Mr. Burgan his federal constitutional rights, guaranteed by the Sixth and Fourteenth Amendments, to due process and trial by jury when it failed to instruct the jury on the need to be unanimous about the particular conduct that constituted the offenses alleged in the various counts of the indictment.
>
> GROUND TWO: The indictment failed to adequately advise the Defendant of the crimes alleged because of vague and overlapping nature.

(Doc. No. 1.)

### III. Procedural Default

**A. Procedural Default Standard**

Federal courts will not consider the merits of procedurally defaulted claims, unless the petitioner demonstrates cause for the default and prejudice resulting therefrom, or where failure to review the claim would result in a fundamental miscarriage of justice. *See Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir.2006) (*citing Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)). A claim may become procedurally defaulted in two ways. *Id.* First, a petitioner may procedurally default a claim by failing to comply with state procedural rules in presenting his claim to the appropriate state court. *Id.*; *see also Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). If, due to petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted.[2] *Id.*

---

[2] In *Maupin*, the Sixth Circuit established a four-step analysis to determine whether a claim is procedurally defaulted. 785 F.2d at 135. Under this test, the Court decides

Second, a petitioner may also procedurally default a claim by failing to raise a claim in state court and pursue that claim through the state's "ordinary appellate review procedures." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999).  If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted. *Engle v. Isaac*, 456 U.S. 107, 125 n. 28 (1982); *see also Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991).  This second type of procedural default is often confused with exhaustion. Exhaustion and procedural default, however, are distinct concepts.  AEDPA's exhaustion requirement only "refers to remedies still available at the time of the federal petition." *Engle*, 456 U.S. at 125 n. 28.  Where state court remedies are no longer available to a petitioner because he failed to use them within the required time period, procedural default and not exhaustion bars federal court review.  *Id*.  In Ohio, a petitioner is not entitled to raise claims in post-conviction proceedings where those claims could have been raised on direct appeal.  *Id*.  Thus, if an Ohio petitioner failed to raise a claim on direct appeal, which could have been raised, the claim is procedurally defaulted.  *Id*.

A claim is adequately raised on direct appeal if it was "fairly presented" to the state court. To fairly present a claim to a state court a petitioner must assert both the legal and factual basis for his claim.  *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).  Accordingly, a "petitioner must present his claim to the state courts as a federal constitutional issue--not merely as an issue arising under state law." *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984).  A

---

(1) whether the petitioner failed to comply with an applicable state procedural rule, (2) whether the state courts actually enforced the state procedural sanction, (3) whether the state procedural bar is an "independent and adequate" state ground on which the state can foreclose federal review, and (4) whether the petitioner has demonstrated "cause" and "prejudice."  *Id*. at 138-39; *Barkley v. Konteh*, 240 F.Supp.2d 708 (N.D. Ohio 2002).

petitioner can take four actions in his brief which are significant to the determination as to whether a claim has been fairly presented as a federal constitutional claim: "(1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law." *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003).

A petitioner's procedural default, however, may be excused upon a showing of "cause" for the procedural default and "actual prejudice" from the alleged error. *See Maupin*, 785 F.2d at 138-39. "Demonstrating cause requires showing that an 'objective factor external to the defense impeded counsel's efforts to comply' with the state procedural rule." *Franklin v. Anderson*, 434 F.3d 412, 417 (6th Cir. 2006) (*quoting Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Meanwhile, "[d]emonstrating prejudice requires showing that the trial was infected with constitutional error." *Id*. Where there is strong evidence of a petitioner's guilt and the evidence supporting petitioner's claim is weak, the actual prejudice requirement is not satisfied. *See United States v. Frady*, 456 U.S. 152, 172 (1982); *Perkins v. LeCureux*, 58 F.3d 214, 219-20 (6th Cir. 1995); *Rust v. Zent*, 17 F.3d 155, 161-62 (6th Cir. 1994). Prejudice does not occur unless petitioner demonstrates "a reasonable probability" that the outcome of the trial would have been different. *See Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003) (*citing Strickler v. Greene*, 527 U.S. 263, 289 (1999)).

Finally, a petitioner's procedural default may also be excused where a petitioner is actually innocent in order to prevent a "manifest injustice." *See Coleman v. Thompson*, 501 U.S.

722, 749-50 (1991).  Conclusory statements are not enough – a petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial."  *Schlup v. Delo*, 513 U.S. 298, 324 (1995)*;  See Jones v. Bradshaw*, 489 F. Supp.2d 786, 807 (N.D. Ohio 2007).

**B.  Ground One: Failure To Instruct the Jury**

Respondent asserts that both of Burgan's grounds for relief are procedurally defaulted. (Doc. No. 8 at 7-10.)  With respect to ground one, Respondent argues that Burgan waived review of his jury instruction claim by failing to object to the jury instructions at trial.  *Id*.

The state appellate court found that Burgan could not raise as error the failure to give a jury instruction because neither he nor his counsel objected to the jury instructions before the jury retired.  *Burgan*, 2006-Ohio-812 at ¶¶26-28.  The court explained that such failure violates Ohio Crim. R. 30(A) which states as follows:

> At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. Copies shall be furnished to all other parties at the time of making the requests. The court shall inform counsel of its proposed action on the requests prior to counsel's arguments to the jury and shall give the jury complete instructions after the arguments are completed. The court also may give some or all of its instructions to the jury prior to counsel's arguments. The court shall reduce its final instructions to writing or make an audio, electronic, or other recording of those instructions, provide at least one written copy or recording of those instructions to the jury for use during deliberations, and preserve those instructions for the record.
>
> On appeal, *a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires* to consider its verdict, stating specifically the matter objected to and the grounds of the objection. Opportunity shall be given to make the objection out of the hearing of the jury.

*Id*. (emphasis added).

After finding that Burgan failed to comply with Ohio Crim. R. 30(A), the state appellate court conducted a plain error review, but found none. Applying the four-part *Maupin* test established by the Sixth Circuit to Burgan's habeas petition, it is clear that he failed to comply with an applicable state procedural rule, namely Ohio Crim R. 30(A). Second, the state appellate court actually enforced its procedural sanction. A state court's review of an issue for plain error is considered by the Sixth Circuit as the enforcement of a procedural default. *Williams v. Bagley*, 380 F.3d 932, 968 (6th Cir. 2004); *see also Girts v. Yanai*, 501 F.3d 743 (6th Cir. 2007) ("[P]lain error review [by a state appellate court] does not constitute a waiver of state procedural default rules.") (*quoting Seymour v. Walker*, 224 F.3d 542 (6th Cir. 2000)); *Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001). Further, the United States Supreme Court has expressly found that Ohio Crim. R. 30(A) constitutes an "independent and adequate" state ground that can foreclose federal habeas review. *See Osborne v. Ohio*, 495 U.S. 103, 123 (1990) ("We have no difficulty agreeing with the State that [petitioner's] counsel's failure to urge that the court instruct the jury on scienter constitutes an independent and adequate state-law ground preventing us from reaching [petitioner's] due process contention on that point."); *accord Lee v. Kemna*, 534 U.S. 362, 376 (2002); see also *Mira v. Marshall*, 806 F.2d 636, 639 (6th Cir. 1986); *Shipley v. Money*, 2007 U.S. Dist. LEXIS 79885 (N.D. Ohio Oct. 29, 2007) (finding Ohio Crim. R. 30(A) is an "adequate and independent state ground to foreclose review of a federal constitutional").

Finally, Burgan has failed to present any argument concerning "cause" or "prejudice" adequate to excuse his procedural default.³ As such, ground one of Burgan's petition is

---

³ Even if Burgan were to assert trial counsel's ineffectiveness as "cause" sufficient to excuse his default, such an argument would be unavailing. "'[A] claim of ineffective assistance,' ... generally must 'be presented to the state courts as an independent claim

procedurally defaulted.

### C. Ground Two: Inadequate Indictment

With respect to ground two, Respondent argues that Burgan waived review of his inadequate indictment claim by failing to raise the issue before the state courts. (Doc. No. 8 at 10.) As indicated above, a petitioner procedurally defaults a claim by failing to raise it in state court. *O'Sullivan*, 526 U.S. at 848. It is clear that Burgan never raised his ground two claim before any state court. Currently, he would be unable to raise this claim in state court as it would be barred by the doctrine of *res judicata*. Ohio's post-conviction relief statute, O.R.C. § 2953.21, has long been interpreted to bar post-conviction consideration of any issue that was fully litigated before the judgment of conviction or on direct appeal from that judgment, or of any issue that could have been fully litigated before judgment of conviction or on direct appeal but was not. *See State v. Perry*, 10 Ohio St.2d 175, syllabus para. 7 (1967); *State v. Combs*, 100 Ohio App.3d 90, 98 (1994). As Burgan's inadequate indictment claim could no longer be raised under state law, it is procedurally defaulted. Furthermore, Burgan has not demonstrated any cause for failing to raise this issue before the state courts. As such, ground two of Burgan's petition is also procedurally defaulted.

---

before it may be used to establish cause for a procedural default.'" *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000) (*quoting Carrier*, 477 U.S. at 489). Burgan never raised an ineffective assistance of counsel claim before the state courts and such a claim is itself defaulted.

## IV. Conclusion

For the foregoing reasons, the Magistrate Judge recommends Burgan's Petition be DISMISSED.

s/ Greg White<br>
U.S. MAGISTRATE JUDGE

Date: September 16, 2008

## OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**