UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Alvin Burgan, | ) | CASE NO.: 1:07CV3019 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN ADAMS |
| | ) | |
| | ) | |
| | ) | |
| Michele Eberlin, Warden, | ) | **ORDER AND DECISION** |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter appears before the Court on objections to the Report and Recommendation of the Magistrate Judge filed by Petitioner Alvin Burgan.  Upon due consideration, the Court overrules the objections and adopts the Report and recommended findings and conclusions of the Magistrate Judge and incorporates them herein.  Therefore, it is ordered that the petition is hereby DENIED.

### I. Introduction

In May of 2004, Burgan was indicted on eight counts of felonious assault and thirty-four counts of child endangerment.  Following a jury trial, Burgan was convicted of one count of felonious assault and fourteen counts of child endangerment.  The prosecution voluntarily dismissed ten of the counts in the indictment and the trial court dismissed two others pursuant to a motion for acquittal.  On February 5, 2005, the trial court sentenced Burgan to ten years in prison.

Following state court appellate practice, Burgan filed this petition on October 3, 2007.

Burgan raised two grounds for relief. This Court referred the matter to Magistrate Judge Greg White, and he issued a Report and Recommendation on September 16, 2008. Burgan filed objections, and Respondent filed an opposition to those objections. The Court now resolves the pending objections.

## II.     Legal Analysis

In his report, the Magistrate Judge concluded that both of Burgan's grounds for relief had been procedurally defaulted. Burgan does not appear to challenge that finding with respect to either claim. Instead, Burgan effectively seeks to excuse the default on Ground One and to withdraw Ground Two from the petition. The Court finds no merit in either argument.

In Ground One, Burgan contends that the trial court erred when it failed to instruct the jury that it must be unanimous on the precise facts supporting each individual count in the indictment. It is clear from the record that Burgan never raised this issue in the trial court and that the appellate court conducted only a plain error review. Accordingly, the claim is procedurally defaulted. *See Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001) (holding that plain error review does not amount to a waiver of a state's procedural default rules).

In response, Burgan argues that it would be a miscarriage of justice to enforce the procedural default rules under the facts presented. In support, Burgan offers nothing more than speculation that the jury could have conceivably agreed upon different facts to support each conviction. Burgan has no evidence to support this speculation. Moreover, the state appellate court noted as follows:

> The jury was instructed that each count in the indictment constituted a separate and distinct matter and that it must consider each count and evidence applicable to each count separate from all other counts. Therefore, the jury was instructed on each individual theory of child endangering.
>
> We find that the evidence was sufficient to find Burgan guilty of child endangering

under any of the applicable code sections and the trial court did not err by failing to give separate instructions. Moreover, there is absolutely no evidence that the jury did not decide with unanimity. The jurors individually signed verdict forms for each count of the indictment and the trial court polled each juror in open court after the verdict was returned.

*State v. Burgan*, 2006 WL 440198, at*5 (Ohio App. Ct. Feb. 23, 2006). Given the instructions that were given and the unchallenged findings of the state appellate court, there is no miscarriage of justice through the enforcement of procedural default. The first objection is overruled.

With regard to Ground Two, Burgan admits that the issue is procedurally defaulted and seeks to withdraw it. The Court will not permit withdrawal of Ground Two. Ground Two is a challenge to the indictment. It is clear that the indictment issue could not be litigated at any time in the future through post-conviction proceedings. Any such attempt would be barred by *res judicata*. Accordingly, the issue is procedurally defaulted. The request to withdraw it from the petition is DENIED.

### III. Conclusion

Having found no merit to the objections raised by Burgan, the Court ADOPTS the Magistrate Judge's Report in its entirety. The Petition is DENIED.

The Court certifies, pursuant to 28 U.S.C. § 1915(A)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.

This Order is entered pursuant to Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.


November 9, 2009         /s/ John R. Adams
                         JUDGE JOHN R. ADAMS
                         UNITED STATES DISTRICT JUDGE